UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| CATALINO V. | : |
| | : |
| v. | :   C.A. No. 21-00247-WES |
| | : |
| KILOLO KIJAKAZI, Commissioner | : |
| Social Security Administration | : |

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

    This matter is before the Court for judicial review of a final decision of the Commissioner of the Social Security Administration ("Commissioner") denying Disability Insurance Benefits ("DIB") under the Social Security Act (the "Act"), 42 U.S.C. § 405(g). Plaintiff filed his Complaint on June 8, 2021 seeking to reverse the Decision of the Commissioner. On November 17, 2021, Plaintiff filed a Motion for Order Reversing the Decision of the Commissioner. (ECF No. 11). On February 17, 2022, Defendant filed a Motion for an Order Affirming the Decision of the Commissioner. (ECF No. 14). On February 23, 2022, Plaintiff filed a Reply. (ECF No. 15).

    This matter has been referred to me for preliminary review, findings, and recommended disposition. 28 U.S.C. § 636(b)(1)(B); LR Cv 72. Based upon my review of the record, the parties' submissions and independent research, I find that there is substantial evidence in this record to support the Commissioner's decision and findings that Plaintiff is not disabled within the meaning of the Act. Consequently, I recommend that Plaintiff's Motion for Order

Reversing (ECF No. 11) be DENIED and that the Commissioner's Motion for an Order Affirming (ECF No. 14) be GRANTED.

## I. PROCEDURAL HISTORY

Plaintiff filed an application for DIB on April 23, 2019. (Tr. 196-202). The application was denied initially on October 22, 2019 and on reconsideration on January 2, 2020. (Tr. 62-70, 72-80). Plaintiff requested an Administrative Hearing. On July 28, 2020, a hearing was held before Administrative Law Judge Tanya Garrian (the "ALJ") at which time Plaintiff, represented by counsel and assisted by an interpreter, and a Vocational Expert ("VE") appeared and testified. (Tr. 36-61). The ALJ issued an unfavorable decision to Plaintiff on August 11, 2020. (Tr. 12-30). On April 14, 2021, the Appeals Council denied Plaintiff's request for review. (Tr. 1-3). A timely appeal was then filed with this Court.

## II. THE PARTIES' POSITIONS

Plaintiff contends that the ALJ erroneously evaluated the opinion evidence of record and thus her decision is not supported by substantial evidence.

The Commissioner disputes Plaintiff's claims of error and contends that since the ALJ's findings are supported by substantial evidence, they must be affirmed.

## III. THE STANDARD OF REVIEW

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla – i.e., the evidence must do more than merely create a suspicion of the existence of a fact and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. Ortiz v. Sec'y of HHS, 955 F.2d 765, 769 (1st Cir. 1991) (per curiam); Rodriguez v. Sec'y of HHS, 647 F.2d 218, 222 (1st Cir. 1981).

Where the Commissioner's decision is supported by substantial evidence, the court must affirm, even if the court would have reached a contrary result as finder of fact. Rodriguez Pagan v. Sec'y of HHS, 819 F.2d 1, 3 (1st Cir. 1987); Barnes v. Sullivan, 932 F.2d 1356, 1358 (11th Cir. 1991). The court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. Frustaglia v. Sec'y of HHS, 829 F.2d 192, 195 (1st Cir. 1987); Parker v. Bowen, 793 F.2d 1177 (11th Cir. 1986) (court also must consider evidence detracting from evidence on which Commissioner relied).

The court must reverse the ALJ's decision on plenary review, however, if the ALJ applies incorrect law, or if the ALJ fails to provide the court with sufficient reasoning to determine that he or she properly applied the law. Nguyen v. Chater, 172 F.3d 31, 35 (1st Cir. 1999) (per curiam); accord Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991). Remand is unnecessary where all of the essential evidence was before the Appeals Council when it denied review, and the evidence establishes without any doubt that the claimant was disabled. Seavey v. Barnhart, 276 F.3d 1, 11 (1st Cir. 2001) citing, Mowery v. Heckler, 771 F.2d 966, 973 (6th Cir. 1985).

The court may remand a case to the Commissioner for a rehearing under sentence four of 42 U.S.C. § 405(g); under sentence six of 42 U.S.C. § 405(g); or under both sentences. Seavey, 276 F.3d at 8. To remand under sentence four, the court must either find that the Commissioner's decision is not supported by substantial evidence, or that the Commissioner incorrectly applied the law relevant to the disability claim. Id.; accord Brenem v. Harris, 621 F.2d 688, 690 (5th Cir. 1980) (remand appropriate where record was insufficient to affirm, but also was insufficient for district court to find claimant disabled).

Where the court cannot discern the basis for the Commissioner's decision, a sentence-four remand may be appropriate to allow her to explain the basis for her decision. Freeman v. Barnhart, 274 F.3d 606, 609-610 (1st Cir. 2001). On remand under sentence four, the ALJ should review the case on a complete record, including any new material evidence. Diorio v. Heckler, 721 F.2d 726, 729 (11th Cir. 1983) (necessary for ALJ on remand to consider psychiatric report tendered to Appeals Council). After a sentence four remand, the court enters a final and appealable judgment immediately, and thus loses jurisdiction. Freeman, 274 F.3d at 610.

In contrast, sentence six of 42 U.S.C. § 405(g) provides:

> The court...may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding;

42 U.S.C. § 405(g). To remand under sentence six, the claimant must establish: (1) that there is new, non-cumulative evidence; (2) that the evidence is material, relevant and probative so that there is a reasonable possibility that it would change the administrative result; and (3) there is good cause for failure to submit the evidence at the administrative level. See Jackson v. Chater, 99 F.3d 1086, 1090-1092 (11th Cir. 1996).

A sentence six remand may be warranted, even in the absence of an error by the Commissioner, if new, material evidence becomes available to the claimant. Id. With a sentence six remand, the parties must return to the court after remand to file modified findings of fact. Id. The court retains jurisdiction pending remand and does not enter a final judgment until after the completion of remand proceedings. Id.

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1); 20 C.F.R. § 404.1505. The impairment must be severe, making the claimant unable to do her previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. § 423(d)(2); 20 C.F.R. §§ 404.1505-404.1511.

A.   **Opinion Evidence**

For applications like this one, filed on or after March 27, 2017, the Administration has fundamentally changed how adjudicators assess opinion evidence. The requirements that adjudicators assign "controlling weight" to a well-supported treating source's medical opinion that is consistent with other evidence, and, if controlling weight is not given, must state the specific weight that is assigned – are gone. See Shaw v. Saul, No. 19-cv-730-LM, 2020 WL 3072072, *4-5 (D.N.H. June 10, 2020) citing Nicole C. v. Saul, Case No. cv 19-127JJM, 2020 WL 57727, at *4 (D.R.I. Jan. 6, 2020) (citing 20 C.F.R. § 404.1520c(a)). Under the newly applicable regulations, an ALJ does not assign specific evidentiary weight to any medical opinion and does not defer to the opinion of any medical source (including the claimant's treating providers). 20 C.F.R. §§ 404.1520c(a), 416.920c(a). Instead, the ALJ evaluates the relative persuasiveness of the medical evidence in terms of five specified factors. Id.

The five factors the ALJ considers in evaluating the persuasiveness of a medical opinion are supportability (the relevance of the opinion's cited objective medical evidence), consistency (how consistent the opinion is with all of the evidence from medical and non-medical sources), treatment/examining relationship (including length of treatment relationship, frequency of

examinations, purpose of treatment relationship, and existence and extent of treatment/examining relationship), specialization (the relevance of the source's specialized education or training to the claimant's condition), and what the Administration refers to as "other factors" (the medical source's familiarity with the claimant's medical record as a whole and/or with the Administration's policies or evidentiary requirements). Shaw, 2020 WL 3072072 at *4 citing 20 C.F.R. §§ 404.1520c(c)(1)-(5), 416.920c(c)(1)-(5) (emphasis supplied). Of the five factors, the "most important" are supportability and consistency. Id. §§ 404.1520c(a), 404.1520c(b)(2), 416.920c(a), 416.920c(b)(2).

While the ALJ must consider all five of the factors in evaluating the persuasiveness of medical evidence, when preparing the written decision, the ALJ is, in most cases, only required to discuss application of the supportability and consistency factors. Id. §§ 404.1520c(b)(2), 416.920c(b)(2). Only where contrary medical opinions are equally persuasive in terms of both supportability and consistency is the ALJ required to discuss their relative persuasiveness in terms of the treatment/examining relationship, specialization, and other factors. Id. §§ 404.1520c(b)(3), 416.920c(b)(3). In addition, where a single medical source offers multiple opinions, the ALJ is not required to discuss each opinion individually, but instead may address all of the source's opinions "together in a single analysis." Id. §§ 404.1520c(b)(1), 416.920c(b)(1).

Moreover, while the ALJ must consider all of the relevant evidence in the record, Id. §§ 404.1520b(a)-(b), 416.920b(a)-(b), the ALJ need not discuss evidence from nonmedical sources, including, e.g., the claimant, the claimant's friends and family, educational personnel, and social welfare agency personnel. Id. §§ 404.1502(e), 404.1520c(d), 416.902(j), 416.920c(d). And while the regulations require the ALJ to discuss the relative persuasiveness

of all medical source evidence, Id. §§ 404.1520c(b), 416.920c(b), the claimant's impairments must be established specifically by evidence from an acceptable medical source, Id. §§ 404.1521, 416.921.

"Acceptable medical sources" are limited to physicians and psychologists, and (within their areas of specialization or practice) to optometrists, podiatrists, audiologists, advanced practice registered nurses, physician assistants, and speech pathologists. Id. §§ 404.1502(a), 416.902(a). Evidence from other medical sources, such as licensed social workers or chiropractors, is insufficient to establish the existence or severity of a claimant's impairments. Id. Finally, the ALJ need not discuss evidence that is "inherently neither valuable nor persuasive," including decisions by other governmental agencies or nongovernmental entities, findings made by state disability examiners at any previous level of adjudication, and statements by medical sources as to any issue reserved to the Commissioner. Id. §§ 404.1520b(c), 416.920b(c).

**B.     Developing the Record**

The ALJ has a duty to fully and fairly develop the record. Heggarty v. Sullivan, 947 F.2d 990, 997 (1st Cir. 1991). The Commissioner also has a duty to notify a claimant of the statutory right to retained counsel at the social security hearing, and to solicit a knowing and voluntary waiver of that right if counsel is not retained. See 42 U.S.C. § 406; Evangelista v. Sec'y of HHS, 826 F.2d 136, 142 (1st Cir. 1987). The obligation to fully and fairly develop the record exists if a claimant has waived the right to retained counsel, and even if the claimant is represented by counsel. Id. However, where an unrepresented claimant has not waived the right to retained counsel, the ALJ's obligation to develop a full and fair record rises to a special

duty. See Heggarty, 947 F.2d at 997, citing Currier v. Sec'y of Health Educ. and Welfare, 612 F.2d 594, 598 (1st Cir. 1980).

### C. Medical Tests and Examinations

The ALJ is required to order additional medical tests and exams only when a claimant's medical sources do not give sufficient medical evidence about an impairment to determine whether the claimant is disabled. 20 C.F.R. § 416.917; see also Conley v. Bowen, 781 F.2d 143, 146 (8th Cir. 1986). In fulfilling his duty to conduct a full and fair inquiry, the ALJ is not required to order a consultative examination unless the record establishes that such an examination is necessary to enable the ALJ to render an informed decision. Carrillo Marin v. Sec'y of HHS, 758 F.2d 14, 17 (1st Cir. 1985).

### D. The Five-step Evaluation

The ALJ must follow five steps in evaluating a claim of disability. See 20 C.F.R. §§ 404.1520, 416.920. First, if a claimant is working at a substantial gainful activity, she is not disabled. 20 C.F.R. § 404.1520(b). Second, if a claimant does not have any impairment or combination of impairments which significantly limit her physical or mental ability to do basic work activities, then she does not have a severe impairment and is not disabled. 20 C.F.R. § 404.1520(c). Third, if a claimant's impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, she is disabled. 20 C.F.R. § 404.1520(d). Fourth, if a claimant's impairments do not prevent her from doing past relevant work, she is not disabled. 20 C.F.R. § 404.1520(e). Fifth, if a claimant's impairments (considering her residual functional capacity, age, education, and past work) prevent her from doing other work that exists in the national economy, then she is disabled. 20 C.F.R. § 404.1520(f). Significantly, the claimant bears the burden of proof at steps one through four, but the Commissioner bears the burden at

step five. Wells v. Barnhart, 267 F. Supp. 2d 138, 144 (D. Mass. 2003) (five-step process applies to both SSDI and SSI claims).

In determining whether a claimant's physical and mental impairments are sufficiently severe, the ALJ must consider the combined effect of all of the claimant's impairments and must consider any medically severe combination of impairments throughout the disability determination process. 42 U.S.C. § 423(d)(2)(B). Accordingly, the ALJ must make specific and well-articulated findings as to the effect of a combination of impairments when determining whether an individual is disabled. Davis v. Shalala, 985 F.2d 528, 534 (11th Cir. 1993).

The claimant bears the ultimate burden of proving the existence of a disability as defined by the Social Security Act. Seavey, 276 F.3d at 5. The claimant must prove disability on or before the last day of her insured status for the purposes of disability benefits. Deblois v. Sec'y of HHS, 686 F.2d 76 (1st Cir. 1982), 42 U.S.C. §§ 416(i)(3), 423(a), (c). If a claimant becomes disabled after she has lost insured status, her claim for disability benefits must be denied despite her disability. Id.

### E. Other Work

Once the ALJ finds that a claimant cannot return to her prior work, the burden of proof shifts to the Commissioner to establish that the claimant could perform other work that exists in the national economy. Seavey, 276 F.3d at 5. In determining whether the Commissioner has met this burden, the ALJ must develop a full record regarding the vocational opportunities available to a claimant. Allen v. Sullivan, 880 F.2d 1200, 1201 (11th Cir. 1989). This burden may sometimes be met through exclusive reliance on the Medical-Vocational Guidelines (the "grids"). Seavey, 276 F.3d at 5. Exclusive reliance on the "grids" is appropriate where the claimant suffers primarily from an exertional impairment, without significant non-exertional

factors. Id.; see also Heckler v. Campbell, 461 U.S. 458 (1983) (exclusive reliance on the grids is appropriate in cases involving only exertional impairments, impairments which place limits on an individual's ability to meet job strength requirements).

Exclusive reliance is not appropriate when a claimant is unable to perform a full range of work at a given residual functional level or when a claimant has a non-exertional impairment that significantly limits basic work skills. Nguyen, 172 F.3d at 36. In almost all of such cases, the Commissioner's burden can be met only through the use of a vocational expert. Heggarty, 947 F.2d at 996. It is only when the claimant can clearly do unlimited types of work at a given residual functional level that it is unnecessary to call a vocational expert to establish whether the claimant can perform work which exists in the national economy. See Ferguson v. Schweiker, 641 F.2d 243, 248 (5th Cir. 1981). In any event, the ALJ must make a specific finding as to whether the non-exertional limitations are severe enough to preclude a wide range of employment at the given work capacity level indicated by the exertional limitations.

1.   **Pain**

"Pain can constitute a significant non-exertional impairment." Nguyen, 172 F.3d at 36. Congress has determined that a claimant will not be considered disabled unless he furnishes medical and other evidence (e.g., medical signs and laboratory findings) showing the existence of a medical impairment which could reasonably be expected to produce the pain or symptoms alleged. 42 U.S.C. § 423(d)(5)(A). The ALJ must consider all of a claimant's statements about his symptoms, including pain, and determine the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence. SSR 16-3p, 2017 WL 4790249, at *49462; 20 C.F.R. § 404.1529(c)(3). In determining whether the medical signs and laboratory findings show medical impairments which reasonably could be expected to produce

the pain alleged, the ALJ must apply the First Circuit's six-part pain analysis and consider the following factors:

>  (1) The nature, location, onset, duration, frequency, radiation, and intensity of any pain;
>
>  (2) Precipitating and aggravating factors (e.g., movement, activity, environmental conditions);
>
>  (3) Type, dosage, effectiveness, and adverse side-effects of any pain medication;
>
>  (4) Treatment, other than medication, for relief of pain;
>
>  (5) Functional restrictions; and
>
>  (6) The claimant's daily activities.

Avery v. Sec'y of HHS, 797 F.2d 19, 29 (1st Cir. 1986). An individual's statement as to pain is not, by itself, conclusive of disability. 42 U.S.C. § 423(d)(5)(A). However, the individual's statements about the intensity, persistence, and limited effects of symptoms may not be disregarded "solely because the objective medical evidence does not substantiate the degree of impairment-related symptoms." SSR 16-3p, 2017 WL 4790249, at *49465.

### 2. Credibility

Where an ALJ decides not to credit a claimant's testimony about pain, the ALJ must articulate specific and adequate reasons for doing so, or the record must be obvious as to the credibility finding. Rohrberg, 26 F. Supp. 2d at 309. A reviewing court will not disturb a clearly articulated credibility finding with substantial supporting evidence in the record. See Frustaglia, 829 F.2d at 195. The failure to articulate the reasons for discrediting subjective pain testimony requires that the testimony be accepted as true. See DaRosa v. Sec'y of Health and Human Servs., 803 F.2d 24 (1st Cir. 1986).

A lack of a sufficiently explicit credibility finding becomes a ground for remand when credibility is critical to the outcome of the case.  See Smallwood v. Schweiker, 681 F.2d 1349, 1352 (11th Cir. 1982).  If proof of disability is based on subjective evidence and a credibility determination is, therefore, critical to the decision, "the ALJ must either explicitly discredit such testimony or the implication must be so clear as to amount to a specific credibility finding." Foote v. Chater, 67 F.3d 1553, 1562 (11th Cir. 1995) (quoting Tieniber v. Heckler, 720 F.2d 1251, 1255 (11th Cir. 1983)).  Guidance in evaluating the claimant's statements regarding the intensity, persistence, and limiting effects of subjective symptoms is provided by SSR 16-3p, 2017 WL 4790249, at *49462 (Oct. 25, 2017).  It directs the ALJ to consider the entire case record, including the objective medical evidence; an individual's statements about the intensity, persistence, and limiting effects of symptoms; statements and other information provided by medical sources and other persons; any other relevant evidence; and whether statements about the intensity, persistence, and limiting effects of symptoms are consistent with the medical signs and laboratory findings.  SSR 16-3p, 2017 WL 4790249, at *49465.

## V.      APPLICATION AND ANALYSIS

### A.      The ALJ's Decision

The ALJ decided this case adverse to Plaintiff at Step 5.  Plaintiff's claimed disability onset date is March 6, 2015 and his date last insured for DIB is December 31, 2016.  At Step 2, the ALJ found that Plaintiff's right wrist disorder, right carpal tunnel syndrome and cervical stenosis were "severe" impairments.  She assessed an RFC for a limited range of sedentary work.  This RFC precluded Plaintiff's past work as a laborer.  However, at Step 5, the ALJ determined that this RFC did not prevent Plaintiff from performing available sedentary jobs and thus denied the claim for disability benefits.

> B.  **Plaintiff Has Shown No Prejudicial Error in the ALJ's Evaluation of the Medical Opinions or In Her RFC Findings**

This case is primarily an attack on the ALJ's evaluation of a Functional Capacity Evaluation ("FCE") conducted on July 23, 2018 by Ms. Gagne, a physical therapist. (Ex. 17F). Ms. Gagne concluded that Plaintiff's physical abilities were "below sedentary." Id. The ALJ found, for reasons clearly articulated in her Decision, that Ms. Gagne's opinion was unpersuasive. (Tr. 26). In reaching this conclusion, the ALJ accurately observed that "[a]ll doctors who have evaluated the claimant prior to Ms. Gagne have noted the claimant is capable of either light or sedentary work, with the most restrictive opinion prior to this FCE being that of Dr. McCloy who opined that the claimant could lift up to five pounds frequently and ten pounds occasionally." Id. Plaintiff argues, however, that none of those other evaluation opinions which the ALJ found persuasive "were supported by objective testing of [Plaintiff's] abilities of the sort performed during PT Gagne's FCE." (ECF No. 11-1 at p. 14). The issue presented to this Court is whether the ALJ's findings as to Ms. Gagne's opinion are supported by substantial evidence.

The ALJ provided several reasons why she found Ms. Gagne's FCE to be unpersuasive. First, the ALJ found that Ms. Gagne's findings were inconsistent with other contemporaneous physician evaluations, including those of Dr. Olin, where Plaintiff was reported to have five of five strength, no sensory deficits, and only minimally decreased range of motion. (Tr. 26; Tr. 501-512). The ALJ's conclusions are reasonably supported by Dr. Olin's medical records. Although Dr. Olin noted some limitation and pain in range of motion, he did not specify any specific limitations and concluded that Plaintiff "should be capable to a lighter work duty." (Tr.

502).  To accept Plaintiff's argument in this regard, the Court would have to reject a reasonable reading of these records and impermissibly reweigh the medical evidence.

Second, the ALJ found Ms. Gagne's evaluation of Plaintiff's capacity to be internally inconsistent in certain respects.  Although her supporting explanation may have been clearer, the ALJ reasonably observed the apparent conflict between Ms. Gagne's finding that Plaintiff could occasionally two-hand carry five pounds with a brace on for forty feet, and the finding that, while wearing the brace, Plaintiff could occasionally lift two and one-half pounds from floor to waist.  (Tr. 26; Tr. 514).  The ALJ also noted that Plaintiff was reportedly able to tolerate standing and walking for one hour each while at the clinic.  Id.  More to the point, the ALJ also accurately pointed out that the FCE indicated that Plaintiff does all tasks left-handed and does not use his right hand at all, which is inconsistent with the two-hand carrying and lifting observations noted by Ms. Gagne.  (Tr. 514).  Again, Plaintiff's argument asks this Court to improperly reweigh the FCE.

Third, the ALJ found, "most notably," that, while Ms. Gagne indicated that Plaintiff gave maximum effort in testing, "she later noted that based on the indicators in the evaluation, he provided low levels of physical effort during the testing process."  (Tr. 26; Tr. 514-515).  Plaintiff argues that there are various reasons for sub-maximal effort (including fear of injury or pain).  However, it is undisputed that the FCE indicates that Plaintiff did not show maximum effort in certain aspects of testing, and Ms. Gagne notes that this "does not imply intent only that the worker may be capable of an increased level of functioning than demonstrated today." (Tr. 515).  Of course, the ALJ was entitled to consider this point and whether it might account for the discrepancy between Ms. Gagne's FCE findings and those of other reviewing physicians.  The Commissioner also points out that lack of maximum effort by Plaintiff was

not isolated. She accurately points out that, in October 2016, Dr. Austin commented on Plaintiff being "pain focused" and noting that, while he reported constant pain, "it does not seem to be that way when he is just walking down the hall or getting up on the exam room table but when specifically tested, he has marked limitations." (Tr. 400). Dr. Austin also reported that, when Plaintiff was asked to squeeze a dynamometer, the needle indicated "no effort at all." Id.

Fourth, the ALJ reasonably noted that Ms. Gagne's less than sedentary finding was an outlier, and that all the other physician evaluations of record found that Plaintiff could perform light or sedentary work. (Tr. 26). Plaintiff argues that, because Ms. Gagne's FCE was supported by objective testing, the ALJ erred in not favoring her opinion over those of the other reviewing physicians. Plaintiff seems to suggest, without supporting authority, that an FCE conducted by a physical therapist is per se superior to the type of office physical examination routinely conducted by physicians. Plaintiff then discusses each of the physician opinions relied upon by the ALJ, and effectively invites the Court to reweigh them all and find that the ALJ erred by finding them persuasive. The Court is forced by the substantial evidence standard of review to decline the invitation. Plaintiff has shown no prejudicial error in the ALJ's evaluation of the physician opinions or her evaluation of Ms. Gagne's FCE. Since the great weight of the medical evidence on this record supports the ALJ's RFC assessment, it must be affirmed.

Because it post-dates Ms. Gagne's 2018 FCE, the Court will specifically address Plaintiff's argument that the ALJ erred by finding Dr. McCloy's 2017 opinion to be more persuasive than his 2020 opinion. (Tr. 28; Exhs. 11F and 20F). The ALJ found the 2017 opinion that Plaintiff could perform at least sedentary work to be "generally persuasive as it is largely consistent with the longitudinal record including the other independent evaluations and

opinions in the record taking place around the same time." (Tr. 28). The ALJ found the more restrictive 2020 opinion to be "unpersuasive, particularly as it regards the period of time under adjudication." Id. Although Dr. McCloy diagnosed chronic regional pain syndrome ("CRPS") in 2020, it came years after the expiration of Plaintiff's insured status in 2016. In addition, Dr. McCloy later clarified his 2020 opinion to reflect that CRPS was a more recent diagnosis post Plaintiff's 2016 date last insured and that he saw no evidence of that condition when he examined Plaintiff in 2017. (Ex. 21F). The ALJ reasonably concluded that the CRPS diagnosis and the limitations opined by Dr. McCloy in 2020 were "indicative of a decline in claimant's functioning post DLI [date last insured]." (Tr. 28). Accordingly, Plaintiff has shown no error by the ALJ in his evaluation of Dr. McCloy's opinions.

**CONCLUSION**

For the reasons discussed herein, I recommend that Plaintiff's Motion for Order Reversing (ECF No. 11) be DENIED and that the Commissioner's Motion for an Order Affirming (ECF No. 14) be GRANTED. I further recommend that Final Judgment enter in favor of Defendant. Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

  /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
March 21, 2022